UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
ANGELA FRANKLIN, *pro se*,

                 Plaintiff,

    -against-

CAROLYN W. COLVIN,
Commissioner of Social Security,

                 Defendant.
-----------------------------------------------------------------x

**MEMORANDUM & ORDER**
12-CV-6298 (DLI)

**DORA L. IRIZARRY, United States District Judge:**

Angela Franklin ("Plaintiff"), *pro se*,[1] was overpaid Supplemental Security Income ("SSI") by the Social Security Administration ("SSA") and requested a waiver of overpayment recovery. An Administrative Law Judge ("ALJ") denied Plaintiff's request for waiver concluding that Plaintiff was overpaid benefits, Plaintiff was at fault in causing the overpayment for failing to report resources in excess of the $2,000 maximum allowed to be eligible for SSI, and Plaintiff knew or could have been expected to know that she was receiving those benefits incorrectly. (*See* Certified Administrative Record ("R."), Dkt. Entry No. 23 and 24 at 13-14.) On August 28, 2012, the Appeals Council denied Plaintiff's request for review, and the ALJ's decision became the Commissioner's final decision. (R. 2-5.)

On October 25, 2012, Plaintiff filed the instant appeal seeking review of the Commissioner's final decision pursuant to 42 U.S.C. 405(g). The Commissioner moved for

---

[1] *Pro se* pleadings are held "to less stringent standards than formal pleadings drafted by lawyers." *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (citation omitted). Courts should "interpret [such papers] to raise the strongest arguments that they suggest." *Forsyth v. Fed'n Emp't & Guidance Serv.*, 409 F. 3d 565, 569 (2d Cir. 2005) (citation and internal quotation marks omitted). Though a court need not act as an advocate for *pro se* litigants, in such cases there is a "greater burden and a correlative greater responsibility upon the district court to insure that constitutional deprivations are redressed and that justice is done." *Davis v. Kelly*, 160 F. 3d 917, 922 (2d Cir. 1998) (citation omitted).

judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. (Comm'r's Mem. in Supp. of Mot. for J. on Pleadings ("Comm'r's Mem."), Dkt. Entry No. 21.) Plaintiff filed an affidavit in opposition, denying receipt of any SSI payments during the time in question, other than isolated payments from December 2007 to February 2008. (Pl.'s Aff. in Opp'n to Def.'s Mot. ("Pl. Mem."), Dkt. Entry No. 22.) Additionally, Plaintiff requested back pay from June 2008 to the present. (*Id.*) Upon review of the parties' submissions, the Court requested clarification from the Commissioner regarding the evidence in support of the overpayment at issue. (*See* 7/21/2014 ECF Order.) In response, the Commissioner proposed that the parties stipulate to remand for additional proceedings. (*See* Comm'r's 8/20/2014 Letter.) To date, the parties have not submitted any such stipulation.

For the reasons set forth below, the Commissioner's motion for judgment on the pleadings is denied. This action is remanded for the ALJ to determine the amount of overpayment that Plaintiff received during the period in which her bank account exceeded the $2,000 statutory threshold, as well as whether Plaintiff purposely disposed of assets below market value, such that she is subject to a three-year penalty of ineligibility.

## BACKGROUND

Plaintiff has not worked since 1986 and lives in a home that she co-owns with her brother and sister. (R. at 165.) On January 27, 1997, Plaintiff began receiving SSI. (R. 17.). On March 4, 2008, the SSA sent Plaintiff a notice that, as of February 2006, she no longer qualified for SSI as the SSA had learned that she had resources in excess of $2,000. (R. 41-50.) On May 8, 2008, Plaintiff filed a request for reconsideration, which was denied. (R. 55-56, 69-71.) On August 18, 2010, Plaintiff filed a request for a hearing which was granted. (R. 72.) Additionally,

Plaintiff filed for a waiver of overpayment recovery. However, Plaintiff failed to attend the requisite conference and the waiver was denied. (R. 67.)

At the hearing, Plaintiff testified that her father passed away and that she inherited $20,000 from his estate in April 2006. (R. 161.) Plaintiff testified that "$9,000 and change went towards" paying for her father's funeral and the rest of the money, more than $10,000, went towards maintenance of the home she co-owns with her brother and sister. (R. 163.) The ALJ requested bank statements from Plaintiff for the period of February 2006 to January 2008. (R. 170.) The ALJ warned Plaintiff that, if at any time during that period, Plaintiff's account balance exceeded $2,000, she would be ineligible for SSI. (R. 171-172.) Additionally, the ALJ warned Plaintiff that disposing of assets for less than their fair market value to qualify for SSI carries a penalty of up to 36 months of ineligibility for SSI. (R. 171.)

Shortly thereafter, the ALJ received Plaintiff's bank records. (R. 93-149.) A review of these records indicates that, during the entire period in question, Plaintiff's account balance exceeded the statutory threshold. (*Id.*) Indeed, in June 2006, her account held a balance of $86,731.96. (R. 101.)

On November 23, 2010, the ALJ issued his decision. (R. 8.) Based on the bank statements and Plaintiff's testimony, the ALJ determined that Plaintiff was overpaid SSI benefits because she had an account balance in excess of $2,000 from February 1, 2006 to January 2008 and Plaintiff was faulted for knowingly accepting the incorrect payments and making no effort to return them. (R. 13-14.) The ALJ denied Plaintiff a waiver for recovery of payment and determined that Plaintiff was liable for repayment of $4,981.60. (R. 14.) The ALJ made no findings as to whether Plaintiff was subject to the three-year penalty.

## DISCUSSION

**A.      Standard of Review**

Claimants may bring an action in federal district court seeking judicial review of the Commissioner's denial of a waiver of overpayment recovery "within sixty days after the mailing . . . of notice of such decision or within such further time as the Commissioner of Social Security may allow." 42 U.S.C. § 405(g). A district court reviewing the final determination of the Commissioner must decide whether the ALJ applied the correct legal standards and whether substantial evidence supports the decision. *See Schaal v. Apfel*, 134 F. 3d 496, 504 (2d Cir. 1998). The former determination requires the court to ask whether "the claimant has had a full hearing under the [Commissioner's] regulations and in accordance with the beneficent purposes of the [Social Security] Act." *Echevarria v. Sec'y of Health & Human Servs.*, 685 F. 2d 751, 755 (2d Cir. 1982) (internal quotation marks omitted). The latter determination requires the court to ask whether the decision is supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229 (1938)).

The district court is empowered "to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). A remand by the court for further proceedings is appropriate when "the Commissioner has failed to provide a full and fair hearing, to make explicit findings, or to have correctly applied the . . . regulations." *Manago v. Barnhart*, 321 F. Supp. 2d 559, 568 (E.D.N.Y. 2004). A remand to the Commissioner is also appropriate "[w]here there are gaps in the administrative record." *Rosa v. Callahan*, 168 F. 3d 72, 83 (2d Cir. 1999) (quoting *Sobolewski v. Apfel*, 985 F. Supp. 300, 314

4

(E.D.N.Y. 1997)). ALJs, unlike judges, have a duty to "affirmatively develop the record in light of the essentially non-adversarial nature of the benefits proceedings." *Tejada v. Apfel*, 167 F. 3d 770, 774 (2d Cir. 1999).

## B. Legal Standards

### 1. Eligibility for SSI

An unmarried individual is not eligible for SSI if the individual's income and resources exceed $2,000.00. 42 U.S.C. §§ 1382(a)(1)(A), (a)(1)(B), (a)(3)(B); 20 C.F.R. § 416.1205. Income is anything in cash or in kind an individual can use to meet his or her needs for food and shelter. 20 C.F.R. § 416.1102. Inheritance is a type of income counted against SSI. 20 C.F.R. § 1121. Inheritance is anything an individual receives as a result of someone's death, however, inheritance used to pay the expenses of the deceased's burial do not count against SSI eligibility. *Id.* at 1121(g). Resources are cash or any real or personal property or assets that can be converted into cash. 20 C.F.R. § 416.1201. Inheritances are considered resources at the "first moment of the second calendar month following their receipt." 20 C.F.R. § 416.1201(a)(4). A home an individual owns that is the person's principal place of residence is not counted as a resource. 20 C.F.R. § 416.1212(b). Disposing of resources by giving away or selling them for less than their fair market value for the purpose of establishing SSI eligibility can lead to ineligibility for a maximum of 36 months. 42 U.S.C. § 1382b(c); 20 C.F.R. § 416.1246. If it is determined that the resources were given away for less than fair market value, then there is a presumption that it was for the purpose of establishing SSI eligibility, and the burden is on the individual to produce convincing evidence that the resource was transferred exclusively for some other reason. 20 C.F.R. § 416.1246(e).

## 2. Waiver of Overpayment Recovery

The Act directs the Commissioner to recover overpayment if the Commissioner finds that more than the correct amount of SSI benefits has been paid to a SSI recipient. 42 U.S.C. § 1383(b)(1); 20 C.F.R. 416.537(a). The Act only permits a waiver of overpayment recovery when: (1) the overpaid person is without fault in connection with an overpayment, and (2) recovery would either defeat the purpose of Title XVI or would be against equity and good conscience or would be inefficient due to the small amount involved. 42 U.S.C. § 1383(b)(1)(B); 20 C.F.R. § 416.550. Waiver of recovery of an overpayment from the overpaid person himself frees him from the obligation to repay the amount of the overpayment covered by the waiver. 20 C.F.R. § 416.551.

An individual will be found at fault in connection with an overpayment, if it resulted from: (a) failure to furnish information that the person knew or should have known was material; (b) an incorrect statement made by the individual that he knew or should have known was incorrect; or (c) a situation where an individual kept a payment that he knew or could have been expected to know was incorrect. 20 C.F.R. § 416.552. In determining fault, all the circumstances surrounding the overpayment are taken into account, including the recipient's age, comprehension, memory and physical and mental conditions. *Id.* "The overpaid individual . . . is not relieved of liability and is not *without fault* solely because the SSA may have been at fault in making the overpayment." *Id.* Furthermore, a recipient of overpayments can be at fault without a showing of bad faith, "an honest mistake may be sufficient to constitute fault." *Center v. Schweiker*, 704 F. 2d 678, 680 (2d Cir. 1983) (citing *Morgan v. Finch*, 423 F. 2d 551 (6th Cir. 1970)).

C.  **Application**

   1.  **Amount of Overpayment**

"Although the Social Security Act does not indicate who bears the burden of establishing the fact of overpayment, the courts that have considered the issue have held . . . that the Commissioner bears this burden." *Pennerman v. Apfel*, 2001 WL 527398, at *3 (E.D.N.Y. Apr. 18, 2001); *accord McCarthy v. Apfel,* 221 F. 3d 1119, 1124 (9th Cir. 2000) ("We . . . hold that the Commissioner bears the burden of proving the fact and amount of overpayment."), *cert. denied*, 121 S.Ct. 1361 (2001); *Cannuni v. Schweiker*, 740 F. 2d 260, 263 (3d Cir. 1984) (holding that the government bears the burden of establishing the fact of overpayment).

Turning to the instant action, the ALJ found that Plaintiff received an overpayment of $4,981.60. (R. 13.) The ALJ further stated that, "[t]he overpayment and the amount of the overpayment are not in dispute." (*Id.*) Upon review of the record in this case, the Court was unable to determine whether Plaintiff received the $4,981.60 overpayment during the period at issue, February 1, 2006 through January 2008. Plaintiff denied receiving any SSI payments, other than isolated payments in December 2007 and January 2008, and those payments are significantly less than the alleged $4,981.60 overpayment. (*See* Pl. Mem.) Her bank account statements do not indicate that she received any other SSI payments during the period in question. Moreover, the Commissioner has conceded that remand is necessary to amplify the record in this regard. (*See* Comm'r's 8/20/14 Letter.) Accordingly, the Commissioner has failed to carry her burden on the amount of the overpayment during the period in question.

   2.  **Whether Plaintiff Was At Fault**

The ALJ determined that Plaintiff was at fault in causing the overpayment because she knew or should have known that she was required to report her inheritance as a change in her

personal finances and she knew or should have known that she was required to return the overpayment. (R. 13-14.) The record is clear that the Commissioner repeatedly notified Plaintiff that she was required to report any changes in her personal finances that would affect her SSI eligibility, such as any new income or resources. (R. 175-98.) At the hearing, Plaintiff admitted to receiving an inheritance in 2006, but stated that she spent the money on funeral expenses and home repairs. (R. 161-62, 172.) She estimated that her inheritance was approximately $20,000; however, her bank account statements indicate that in May 2006, her account balance was as high as $86,731.96. (R. 101.) The record is clear that Plaintiff failed to report her inheritance to the Commissioner and made no attempts to return the overpayments. Accordingly, the ALJ did not err in finding Plaintiff at fault for causing the overpayment.

### 3. Plaintiff's Request for Back Pay

In her affidavit, Plaintiff asserts that she is entitled back pay from June 2008 through the present because her bank account was below the statutory threshold after June 2008. (Pl. Mem. at 3.) It is unclear from the ALJ's decision whether he penalized Plaintiff for purposefully disposing of her inheritance for less than the fair market value to qualify for SSI. At her hearing, the ALJ warned Plaintiff that, if she did so, she would be ineligible for SSI for up to three years. It is unclear from the record how Plaintiff spent the $86,731.96 deposited into her bank account, and whether she was subject to the three-year penalty. Moreover, the ALJ did not reconcile the discrepancy between the amount of money Plaintiff testified that she received (approximately $20,000) and her highest monthly balance ($86,731.96). On remand, the ALJ should clarify whether Plaintiff was subject to the three-year penalty under 42 U.S.C. § 1382b(c); 20 C.F.R. § 416.1246.

## CONCLUSION

For the foregoing reasons, the Commissioner's motion for judgment on the pleadings is denied, and pursuant to the fourth sentence of 42 U.S.C. § 405(g), the Commissioner's decision is reversed, in part, and this matter is remanded to the Commissioner for further administrative proceedings consistent with this opinion. Specifically, the ALJ is to determine the amount of overpayment that Plaintiff received during the period in which her bank account exceeded the $2,000 statutory threshold, as well as whether Plaintiff purposely disposed of assets below market value, such that she is subject to a three-year penalty of ineligibility.

SO ORDERED.

Dated: Brooklyn, New York
      September 12, 2014

                                              /s/
                                   DORA L. IRIZARRY
                                United States District Judge